FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
3/5/2020 1:35 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Gloria Lerma

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

SALLY REL,

     Plaintiff,

v.                                        D-307-CV-2019-00029

BOARD OF REGENTS OF NEW MEXICO     Judge Arrieta
STATE UNIVERSITY and TERESA BURGIN,

     Defendants.

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff complains of Defendants' violations of the New Mexico Human Rights Act, Defendant's violations of the New Mexico Whistleblower Protection Act, and Defendant's violations of the Family and Medical Leave Act.

### Parties

1.    Plaintiff is an individual and resident of the State of New Mexico.  Plaintiff is a citizen of the State of New Mexico.  Plaintiff is an employee within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. § 28-1-1 (1978), et seq., and she is a public employee within the meaning of the New Mexico Whistleblower Protection Act, codified at NMSA § 10-16C-1, et seq.

2.    Defendant Board of Regents of New Mexico State University ("NMSU") is a state educational entity that does business in Dona Ana County, New Mexico that may be served with process by serving the Board of Regents of New Mexico State University, Chief of Staff Office, MSC 3RCS PO Box 30001, Las Cruces, New Mexico 88003 and the New Mexico Attorney General Balderas, 408 Galisteo Street, Santa Fe, New Mexico 87501.  This defendant is an

**Exhibit A**

employer within the meaning of the New Mexico Human Rights Act and public employer within the meaning of the New Mexico Whistleblower Protection Act.

3.      Defendant Teresa Burgin is an individual and resident of the State of New Mexico.  This defendant is a citizen of the State of New Mexico.  This defendant may be served with process at her place of work, Academic Research Building B, 1620 Stanley Street, Las Cruces, NM 88003, her residence, or wherever she may be found.  This defendant is an employer within the meaning of the New Mexico Human Rights Act.  This defendant is not being sued in her individual capacity under the New Mexico Whistleblower Protection Act.

## Exhaustion of Administrative Procedures

4.      Plaintiff timely filed a charge of discrimination, attached as Exhibit 1 and incorporated by reference, and satisfied all administrative requirements for filing this suit.  The State of New Mexico, Department of Workforce Solutions, Labor Relations Division, issued its Order of Non-determination, attached as Exhibit 2 and incorporated by reference, authorizing Plaintiff to pursue within 90 days in New Mexico State District Court her complaint under the NMHRA.  This satisfied all administrative requirements for filing this suit.

## Jurisdiction and Venue

5.      Venue is proper in Dona Ana County, New Mexico, because this is a county where defendants do business, where the discriminatory practices occurred, and where the acts and omissions complained about occurred.  The NMHRA confers jurisdiction in the State of New Mexico, County of Dona Ana, Third Judicial District Court.

## Facts

6.      On August 4, 2008, NMSU hired Plaintiff.

7.      At all relevant times, Plaintiff was qualified for and could perform the essential functions

of her job.

8.      In 2017 Plaintiff was subjected to sexual harassment and discrimination because she is female.

9.      In July 2017 Plaintiff opposed the unlawful discriminatory practices and filed complaints of sexual harassment and discrimination, internally with NMSU and with the Equal Employment Opportunity Commission.

10.     NMSU authorized and approved Plaintiff for leave under the Family and Medical Leave Act.

11.     In December 2017, NMSU authorized and approved Plaintiff for intermittent leave under the Family and Medical Leave Act to allow Plaintiff to take care of her father.

12.     Plaintiff availed herself of a protected right under the FMLA and exercised her right to the authorized and approved leave.

13.     NMSU retaliated against Plaintiff for taking FMLA leave.

14.     NMSU and Burgin retaliated against Plaintiff and subjected Plaintiff to a hostile work environment for Plaintiff exercising her right to leave.  The retaliation included a negative performance evaluation.  The hostile work environment included offensive conduct that had the purpose and/or effect of unreasonably interfering with Plaintiff's work performance and/or created an intimidating, hostile, and/or offensive working environment.

15.     In April 2018 Plaintiff reported, opposed, and complained of the retaliation.  Plaintiff communicated to NMSU and Burgin about an action or failure to act that she believed in good faith constituted an unlawful or improper act, including the retaliation against Plaintiff for taking FMLA leave.  Plaintiff also provided information to, or testified before, NMSU as part of an investigation, hearing or inquiry into unlawful or improper acts.

3

**Exhibit A**

16.     In May 2018 Plaintiff opposed, again, the sexual harassment and discrimination.  Plaintiff communicated to NMSU and Burgin about an action or failure to act that she believed in good faith constituted an unlawful or improper act, including the retaliation against Plaintiff for her opposition to the unlawful discriminatory practices and her filing of complaints of sexual harassment and discrimination, internally and with the Equal Employment Opportunity Commission.  Plaintiff also provided information to, or testified before, NMSU as part of an investigation, hearing or inquiry into unlawful or improper acts.

17.     On May 25, 2018, NMSU and Burgin decided to discharge Plaintiff and placed her on administrative leave.

18.     Plaintiff further opposed the retaliation.

19.     On June 25, 2018, NMSU discharged Plaintiff for exercising FMLA leave and opposing the retaliation, discrimination, and sexual harassment.

### COUNT I.
### STATUTORY RETALIATION

20.     The above described conduct of both defendants violated the New Mexico Human Rights Act.  Defendants intentionally retaliated against and discriminated against Plaintiff.  Defendants aided, abetted, incited, compelled, and coerced the doing of unlawful discriminatory practices or attempted to do so.  Defendants engaged in forms of threats, reprisal and discrimination against Plaintiff who had opposed unlawful discriminatory practices or had filed a complaint, testified or participated in any proceeding under the Human Rights Act.  Defendants willfully obstructed and prevented persons from complying with the provisions of the Human Rights Act.  See N.M. Stat. Ann. § 28-1-7(I) (1978).   Defendants' discrimination against Plaintiff and defendants' retaliation against Plaintiff caused a hostile work environment and Plaintiff's discharge.   Defendants'

**Exhibit A**

retaliation as described above created a hostile work environment, the offensive conduct became

so severe and pervasive that it altered the conditions of Plaintiff's employment in such a manner

that the workplace was transformed into a hostile and abusive environment for Plaintiff looking at

the totality of the circumstances, including the frequency of the discriminatory conduct; its

severity; it being physically threatening; it being humiliating; and it interfering with Plaintiff's

work performance.

## COUNT II.
## DISCRIMINATION BECAUSE OF SEX

21.     The above described conduct of defendants violated the New Mexico Human Rights Act.

Defendants intentionally discriminated against and caused Plaintiff's discharge and hostile work

environment because of Plaintiff's sex.  See N.M. Stat. Ann. § 28-1-7(A) (1978).  Defendants'

discrimination against Plaintiff and defendants' retaliation against Plaintiff caused a hostile work

environment and Plaintiff's discharge.

## COUNT III.
## VIOLATIONS OF THE NEW MEXICO WHISTLEBLOWER PROTECTION ACT

22.     The above described conduct of NMSU violated the New Mexico Whistleblower

Protection Act.  NMSU took retaliatory action against Plaintiff because Plaintiff communicated to

defendants and/or a third party information about an action or a failure to act that Plaintiff believes

in good faith constitutes an unlawful and/or improper act, providing information to and/or

testifying before a public body as part of an investigation, hearing or inquiry into an unlawful

and/or improper act, and/or objects to and/or refuses to participate in an activity, policy, and/or

practice that constitutes an unlawful and/or improper act.  NMSU's' discrimination and retaliation

against Plaintiff caused a hostile work environment and Plaintiff's discharge.  NMSU's retaliation

as described above created a hostile work environment, the offensive conduct became so severe

**Exhibit A**

and pervasive that it altered the conditions of Plaintiff's employment in such a manner that the workplace was transformed into a hostile and abusive environment for Plaintiff looking at the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; it being physically threatening; it being humiliating; and it interfering with Plaintiff's work performance.

### COUNT IV.
### VIOLATIONS OF THE FMLA

23.     Plaintiff was entitled to 12 work weeks of leave during the period of the 12 months before discharge.

24.     Plaintiff complied with the FMLA.

25.     Defendant NMSU approved Plaintiff's FMLA, including on October 24, 2017, including "Intermittent through 11/30/18 up to 5 absences per week."

26.     Defendant intentionally interfered with, restrained, and denied the exercise of rights provided to Plaintiff under the FMLA by the unlawful conduct of discharging Plaintiff.

27.     Pursuant to the FMLA, Plaintiff seeks liquidated damages, attorney fees and court costs.

### Damages

28.     As a direct and proximate result of defendants' discrimination and retaliation as described above Plaintiff has suffered injuries and damages.  Plaintiff's damages include in the past and the future: lost wages and benefits; mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses.  Plaintiff has further suffered additional consequential damages.  Plaintiff asks that the jury set the amount of her compensatory damages.

29.     Plaintiff is entitled to two times her back pay with interest, actual damages, and special damages.

**Exhibit A**

**Attorney's Fees and Expert Fees**

30.     Plaintiff is entitled to attorney's fees as allowed by the New Mexico Human Rights Act

and the New Mexico Whistleblower Protection Act and expert fees.

**Jury Demand**

31.     Plaintiff demanded a six-person jury trial.

**Prayer**

32.     For these reasons, Plaintiff asks that defendants be cited to appear and answer, and, on final

trial, that Plaintiff have judgment against defendants for the following:

      a.      general damages;

      b.      special damages;

      c.      interest as provided by law;

      d.      attorney's fees and expert fees;

      e.      court costs and all costs of suit;

      f.      liquidated damages; and

      f.      such other and further relief to which Plaintiff may be justly entitled at law and

equity.

Respectfully submitted,

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 (facsímile)
Daniela@LabinotiLaw.com

 /s/ Daniela Labinoti         
Daniela Labinoti

LAW OFFICE OF BRETT DUKE, P.C.

7

**Exhibit A**

6350 Escondido Dr., Ste. A-14
El Paso, Texas 79912
(915) 875-0003
(915) 875-0004 (facsímile)
brettduke@brettduke.com

*/s/ Brett Duke*
Brett Duke

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically filed and that service on known Filing Users will be accomplished through Odyssey on the registered parties on the case.

*/s/ Brett Duke*
 Brett Duke

**Exhibit A**