**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SALLY REL,

        Plaintiff,

v.                                                                                       No. CIV 2:20-cv-00251

BOARD OF REGENTS OF NEW MEXICO STATE
UNIVERSITY, and TERESA BURGIN,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Opposed Motion for Remand, filed on March 24, 2020. (Doc. 4.) Having considered the submissions of counsel and relevant law, the Court will **DENY** both Plaintiff's Motion for Remand and Plaintiff's Opposed Motion to Extend the Deadline to Respond to Defendants' Motion. Also, the Court will **GRANT** Defendants' Motion for Judgment on the Pleadings on Count II

**I. Procedural Background**

Plaintiff, a former employee of New Mexico State University (the University), brings this case to recover for damages she allegedly suffered due to discrimination and retaliation at the hands of Defendants. (*See* Doc. 1-1.) In her Amended Complaint, Plaintiff contends that Defendants "discharged [her] for exercising FMLA leave and opposing the retaliation, discrimination, and sexual harassment." (*Id.* at 4.)

Plaintiff filed her Original Complaint in state court alleging three claims against both Defendants: in Count I, Plaintiff alleges that Defendants retaliated against her in violation of the New Mexico Human Rights Act (NMHRA); in Count II, Plaintiff alleges that Defendants

1

discriminated against her on the basis of sex in violation of the NMHRA; and in Count III, Plaintiff asserts that the above conduct violated the New Mexico Whistleblower Protection Act (WPA). (Doc. 1-2 ¶¶ 20–22.) In the opening paragraph of her Original Complaint, Plaintiff recites that she brings her complaint under the NMHRA and WPA. (*Id.* at 1.) In paragraph 4, Plaintiff asserts that she filed a formal charge of discrimination pursuant to the NMHRA against Defendants with the Human Rights Bureau.[1] (*Id.* ¶ 4.) Throughout her Original Complaint, Plaintiff alleges that Defendants discriminated and retaliated against her after she applied for leave pursuant to the Family Medical Leave Act (FMLA). (*See, e.g.*, *id.* ¶¶ 12, 13, 15, 19.) The Original Complaint does not contain a claim under the FMLA.

On March 5, 2020, Plaintiff filed an Amended Complaint, adding a cause of action based upon violations of the FMLA. (Doc. 1-1 at 6.) Defendants removed the case to this Court on March 19, 2020, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). (Doc. 1 at 1.) Defendants contend that this Court has original jurisdiction because Plaintiff's Amended Complaint brings claims pursuant to the FMLA. (*Id.*) Plaintiff now moves to remand, stating that Defendants' removal is untimely because her Original Complaint "clearly and unequivocally raised a federal question by alleging that Defendant retaliated against Plaintiff for exercise of her FMLA rights." (Doc. 4 at 1.)

Defendants also filed two other motions. First, Defendants moved for Judgment on the Pleadings, regarding claim II. (Doc. 7.) Defendants contends that "plaintiff did not exhaust her administrative remedies for her claim of 'Discrimination Because of Sex' under the HRA . . . ." (*Id*. at 9.) Defendants then filed a Motion for Summary Judgment, for which Plaintiff requested an extension to respond pursuant to FRCP 56(d). (Doc. 9.)

---

[1] The Human Rights Bureau issued an Order of non-determination on October 18, 2018, and closed Plaintiff's complaint with prejudice. (Doc. 1-2 at 9.)

## II. Statement of Facts

Plaintiff was hired by the University on August 4, 2008. (Doc. 1-2 ¶ 6.) In 2017, Plaintiff stated that she was subjected to sexual harassment and discrimination because of her sex. (*Id.* ¶ 8.) In July 2017, Plaintiff internally filed complaints of sexual harassment and discrimination with the University and the Equal Employment Opportunity Commission (EEOC). (*Id.* ¶ 9.) Later, Plaintiff requested leave to take care of her father. (*Id.* ¶ 11.) The University authorized and approved Plaintiff's leave under the FMLA. Plaintiff alleges that the University then retaliated against her for taking FMLA leave by creating a hostile work environment; the retaliation included a negative performance evaluation. (*Id.* ¶ 13.) In April 2018, Plaintiff reported the retaliation and testified before the University as part of an investigation into the complaint. (*Id.* ¶ 15.) Plaintiff once again complained about the above-mentioned practices in May 2018. She was subsequently placed on administrative leave (*id.* ¶ 16), and on June 25, 2018, the University discharged her (*id.* ¶ 19).

## III. Legal Standards

### A. Law Regarding Federal Question Jurisdiction

"A federal district court has 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Williams v. Bd. of Regents of Univ. of N.M.*, 990 F. Supp. 2d 1121, 1131 (D.N.M. 2014) (quoting 28 U.S.C. § 1331). "A case originally filed in state court may be removed to federal court if, but only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (citing 28 U.S.C. § 1441(a))). This type of jurisdiction is called federal question jurisdiction. *See* 28 U.S.C. § 1331.

"Federal question jurisdiction exists when 'a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Williams*, 990 F. Supp. 2d at 1131 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "As 'the master of the claim,' the plaintiff may choose to sue in state court rather than in federal court 'by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar, Inc.*, 482 U.S. at 392). "'[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 1132 (quoting *Caterpillar, Inc.*, 482 U.S. at 399) (noting that a defendant may not remove a case "to federal court on the basis of a federal defense").

### B. Law Regarding Removal and Remand

"If a civil action filed in state court satisfies the requirements for original federal jurisdiction—meaning, most commonly, federal-question or diversity jurisdiction—the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court 'embracing the place where such action is pending.'" *McDaniel v. Loya*, 304 F.R.D. 617, 623 (D.N.M. 2015) (quoting 28 U.S.C. § 1441(a)) (subsequent citations omitted). "Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *Id.* at 625 (citations omitted). "The defendant seeking removal must establish that" removal "is proper 'by a preponderance of the evidence.'" *Id.* (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (subsequent citations omitted)); *see also Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "All doubts are to be resolved against removal." *Id.* (quoting *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (alteration in original)).

## IV. The Court will deny the motion to remand.

### A. Plaintiff does not raise a federal claim on the face of her Original Complaint.

Plaintiff argues that Defendants' notice of removal is untimely because the case was removable after she filed the Original Complaint in May 2019. Specifically, Plaintiff alleges that her Original Complaint "clearly and unequivocally raised a federal question by alleging that Defendant retaliated against Plaintiff for exercis[ing] . . . her FMLA rights." (Doc. 4 at 1.) The Court disagrees. While Plaintiff's Original Complaint mentions the FMLA as part of the factual background for bringing her state claims (Doc. 1-2 ¶¶ 12, 13, 15, 19), it never alleges that Defendants violated the FMLA. (*See* Doc. 1-2.)

"To assess the presence of a federal question, our task is to look to the 'face of the complaint.'" *Firstenberg*, 696 F.3d at 1023 (quoting *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999) ("[F]ederal question jurisdiction must appear on the face of the complaint . . . .")). "We must 'look to the way the complaint is drawn' and ask, is it 'drawn so as to claim a right to recover under the Constitution and laws of the United States'?" *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 681 (1946)). Looking at the Original Complaint as a whole, the Court must answer this question in the negative. Plaintiff states that she brings the complaint under the NMHRA and WPA;[2] she never specifies any claims under the FMLA in the body of the Original Complaint. (Doc. 1-2 at 1.) Had Plaintiff "asserted in [her] complaint that the" Defendant's actions "resulted in violations of the" FMLA, the result would be different. *Firstenberg*, 696 F.3d at 1026. "Such a complaint would almost certainly state a claim 'directly under' federal law. *Id.* (citing *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 69 n.13 (1978)). But as noted above, Plaintiff only references the FMLA as background for the history of her state law

[2] Specifically, Plaintiff references the NMHRA in the introduction of her first two causes of action and the WPA in her third cause of action. (Doc. 1-2 ¶¶ 20, 21, 22.)

discrimination and retaliation claims.[3] (*See* Doc. 1-2 ¶¶ 12, 13, 15, 19.) By mentioning the federal statute only in passing, Plaintiff makes no claim pursuant to the statute. *See Firstenberg*, 696 F.3d at 1025.

One might also argue that federal law is a necessary element of Plaintiff's state law claims. The Court does not find this argument persuasive. Though New Mexico courts recognize claims of both discrimination[4] and retaliation[5] under the NMHRA, Plaintiff has failed to identify one or more elements of either claim that "rise or fall on the resolution of a question of federal law." *Firstenberg*, 696 F.3d at 1026 (quotation and subsequent citations omitted); *see also, e.g.*, *Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 41 P.3d 333, 337–38 (N.M. 2001) (discrimination based on medical condition); *Ulibarri v. State of N.M. Corr. Acad.*, 131 P.3d 43, 50 (N.M. 2006) (retaliation). The same goes for Plaintiff's third claim.[6] Therefore, the FMLA did not "create[] [Plaintiff's] causes of action nor is federal law a necessary element of" Plaintiff's claims. *Firstenberg*, 696 F.3d at 1025.

Plaintiff also cites to out-of-district case law to suggest that her claims are completely preempted by the FMLA. An analysis of these cases shows that this is not a situation where

---

[3] Plaintiff mentions the FMLA four times. (*Id.* ¶ 12 ("Plaintiff availed herself of a protected right under the FMLA and exercised her right to the authorized and approved leave."), ¶ 13 ("NMSU retaliated against Plaintiff for taking FMLA leave."), ¶ 15 ("Plaintiff communicated to NMSU and Burgin about an action or failure to act that she believed in good faith constituted an unlawful or improper act, including the retaliation against Plaintiff for taking FMLA leave."), ¶ 19 ("On June 25, 2018, NMSU discharged Plaintiff for exercising FMLA leave and opposing the retaliation, discrimination, and sexual harassment.").)

[4] A plaintiff may make out a prima facie case of discrimination under the NMHRA by showing "direct proof of discrimination," or alternatively, by showing "(1) that he or she is a member of a protected class; (2) that he or she was qualified to continue employment; (3) that his or her employment was terminated; and (4) that his or her position was filled by someone not in the protected class." *Martinez v. Yellow Freight Sys., Inc.*, 826 P.2d 962, 964, 965 (N.M. 1992) (citing *Smith v. FDC Corp.*, 787 P.2d 433, 437 (N.M. 1990) (internal citations omitted)).

[5] "To prove a prima facie case of retaliation [under the NMHRA], Plaintiff must show that: '(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between these two events.'" *Ulibarri*, 131 P.3d at 50 (quoting *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 72 (N.M. 2004) (internal citation omitted)).

[6] The WPA makes it unlawful for an employer to "take any retaliatory action against a public employee because the public employee . . . communicates to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act[.]" N.M. Stat. Ann. § 10–16C–3(A).

complete preemption applies. First, Plaintiff cites to *Goebel v. Advance Insurance Co. of Kansas*, Civ. No. 05-1177 MLB, 2005 WL 8160586 (D. Kan. Aug. 3, 2005), to support her position. (*See* Doc. 4 at 11.) In *Goebel*, the plaintiff, as trustee, brought an action "in state court seeking to recover the death benefit allegedly due the trust."2005 WL 8160586, at *1. The "[d]efendant . . . responded in state court with a motion to dismiss." *Id*. The plaintiff replied by asserting "that he was under no duty to specify any statutory basis for his claim, and that if his claim was governed by ERISA, then the state court should allow it to go forward . . . ." *Id*. Accordingly, the "defendant removed the case to [federal] court on the basis of federal question jurisdiction." *Id*.

Notwithstanding that authority from the District of Kansas is not binding precedent on the Court, *Goebel* is also distinguishable for two reasons. First, the *Goebel* court found removal to be untimely because "a state law claim for such benefits [is] preempted by ERISA, [and] it is automatically converted to a federal claim without further action." *Id*. at 2. ERISA claims are a part of a small minority of law allowing for complete preemption. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) ("The circumstances [allowing for complete preemption] are so rare in fact that the Supreme Court has recognized complete preemption in only three areas: Section 301 of the Labor Management Relations Act of 1947 . . . , Section 502 of [ERISA], and actions for usury against national banks . . . ."). Here, Plaintiff has not asserted federal question jurisdiction under ERISA, but under the FMLA, which does not completely preempt reliance or replace state law claims.[7] *See*, *e.g.*, *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 165–67 (S.D.N.Y. 2000); *Danfelt v. Bd. of Cty. Comm'rs of Washington Cty.*, 998 F. Supp. 606, 611 (D. Md. 1998); *see also Davis v. Oliver St. Dermatology*

---

[7] Plaintiff also relies on *Link Telecomms., Inc. v. Sapperstein*, 119 F. Supp. 2d 536 (D. Md. 2000) (*see* Doc. 4 at 11), but the Court does not find this case persuasive for the same reason: there the court stated that the plaintiff's claims were completely preempted by the federal Copyright Act. *See Link Telecomms.*, 119 F. Supp. 2d at 539–40, 542–44.

7

*Mgmt., LLC*, No. 17-CV-0250 FJG, 2017 WL 3494231, *2 (W.D. Mo. Aug. 15, 2017) ("the language of the FMLA does not indicate an intent by congress to completely displace ordinarily applicable state law, and therefore the complete preemption exception does not apply"). Second, the *Goebel* court found that the "plaintiff neither relied on a state statute, nor did he characterize his claim in terms of a state [claim] . . . ." 2005 WL 8160586, at *3. Here, Plaintiff "complains of defendants' violations of the New Mexico Human Rights Act and defendants' violations of the New Mexico Whistleblower Protection Act," which are both state claims. (Doc. 4-1 at 1.) As the master of her claim, Plaintiff chose to bring only state claims in her Original Complaint. Plaintiff's reference to federal statutes, without more, is insufficient to establish that she affirmatively brought claims under federal law. As Plaintiff's Original Complaint did not contain a federal issue, Defendants did not have the opportunity to remove the case in 2019.

In conclusion, the Court determines that Plaintiff's Original Complaint only alleged violations of the NMHRA and WPA. Because of this, it was not evident from the face of the Original Complaint that Plaintiff asserted an FMLA claim.

### B. The case was removable after Plaintiff filed her Amended Complaint.

Defendants assert removal became proper under 28 U.S.C. § 1441 when Plaintiff amended her complaint and added a cause of action based upon violations of the FMLA. (Doc. 1 at 1; *see also* Doc. 1-1 at 6.) The Court agrees.

Pursuant to § 1446(b),

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

> pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b)(3). "'[A]scertained' as used in section 1446(b) means a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'" *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998) (citations omitted), *cert. denied*, 526 U.S. 1112 (1999). Section 1446(b)'s "30-day clock does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016). But where an amendment to a complaint affords a basis for removal, removal is appropriate. *See Pierce v. Atl. Specialty Ins. Co.*, Civ. No. 16-829 JAP/KBM, 2017 WL 3190742 at *11 (D.N.M. July 26, 2017).

Here, removal was appropriate. Plaintiff filed a Motion for Leave to Amend Her Complaint on February 11, 2020. (Doc. 1-13 at 22–23.) In her motion, Plaintiff "ask[ed] the [state] Court for leave to amend her complaint to clarify that her cause of action also include[d] violations of the FMLA." (*Id.* at 22.) As expected, Plaintiff's Amended Complaint added one claim—"Count IV. Violations of the FMLA." (*Id.* at 30.) Though Plaintiff argues that her FMLA was always present, her amendment shows otherwise; had the Original Complaint truly asserted a claim under the FMLA, an amendment would not have been necessary. Therefore, this matter only became removeable after Plaintiff filed her Amended Complaint on March 5, 2020. Defendants then had 30 days to remove the case, and they did so by removing to federal court on March 19, 2020. Therefore, removal was timely and proper, and Plaintiff has failed to show otherwise. Plaintiff's motion to remand is denied.

## V.	The Court will deny without prejudice Plaintiff's Rule 56(d) Motion.

"Plaintiff asks the Court to defer considering Defendants' Motion [for Summary Judgment] until after allowing Plaintiff time to conduct discovery." (Doc. 9 at 9.) Defendants argue that Plaintiff's request does not comport with the requirements of Federal Rule of Civil Procedure 56(d). The Court agrees with Defendants.

Under Federal Rule of Civil Procedure 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d); *see also Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993). "The general principle of Rule 56[(d)] is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (quotation marks omitted). "Rule 56(d) does not require, however, that summary judgment not be entered until discovery is complete." *Lopez v. Delta Int'l Mach. Corp.*, 312 F. Supp. 3d 1115, 1137 (D.N.M. 2018), *aff'd sub nom. Lopez v. Stanley Black & Decker, Inc.*, 764 F. App'x 703 (10th Cir. 2019) (citing *Price*, 232 F.3d at 784).

The Rule 56(d) movant must file an affidavit or declaration and "state with specificity how the desired time would allow it to meet its burden in opposing summary judgment." *Id.* (citing *Jensen*, 998 F.2d at 1554). "Rule 56(d) may not be invoked based solely upon the assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Id.* (citing *Jensen*, 998 F.2d at 1554). "Moreover, while the summary judgment

10

movant's exclusive control of information weighs heavily in favor of relief under 56(d), merely asserting such is insufficient to justify denial of summary judgment." *Id.* (citations omitted). "Furthermore, 'if the party filing the Rule 56[(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted.'" *Id.* (quoting *Jensen*, 998 F.2d at 1554 ("denying a 56(d) request stating 'the record reflects that plaintiffs were dilatory in pursuing discovery prior to the filing of their 56[(d)] affidavit'")) (citing *Johnson ex rel. Cano v. Holmes*, 377 F. Supp. 2d 1039, 1044–45 (D.N.M. 2004) ("denying a 56(d) request where plaintiff did not explain why, during the discovery period that the court allowed, he did not obtain the discovery sought in his motion")).

Here, Plaintiff has failed to meet the Rule 56(d) standard because her declaration does not detail facts necessary to comply with Rule 56(d). (Doc. 9-7 at 1.) Plaintiff asserts that "the facts stated in [the Motion for Extension] . . . are true and correct." (Doc. 9-7 at 1.) Yet, nowhere in Plaintiff's declaration does she "state with specificity how the desired time would allow [her] to meet [her] burden in opposing summary judgment." *Lopez*, 312 F. Supp. 3d at 1137. All the appropriate information is stated in the motion, but the Court cannot "look beyond the affidavit in considering a Rule 56(d) request." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citing *Campbell*, 962 F.2d at 1522) ("counsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule [56(d)] and results in a waiver"); *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) ("Advocacy by counsel does not suffice for evidence or fact in the Rule [56(d)] context.") (citing *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989)). Plaintiffs has not complied with Rule 56(d). Therefore, her motion is denied without prejudice. The Court will give Plaintiff ten days from the entry of this order to respond appropriately.

**VI.     The Court will grant Defendants' Motion for Judgment on the Pleadings on Count II.**

Defendants contend that "plaintiff did not exhaust her administrative remedies for her claim of 'Discrimination Because of Sex' under the HRA (Count II of plaintiff's Amended Complaint)" because she "checked only the boxes of 'Retaliation' and 'Disability,'" not the box for "sex." (Doc. 7 at 9.) The Court agrees with Defendants.

"[W]hen a defendant is sued under the [New Mexico] Human Rights Act the plaintiff must exhaust her or his administrative remedies before bringing an action in district court." *Luboyeski v. Hill*, 872 P.2d 353, 355 (N.M. 1994) (citation omitted). Under New Mexico law, "the exhaustion of administrative remedies is a prerequisite to suit under the NMHRA . . . and a failure to [do so] may mean that the district court lacks subject-matter jurisdiction . . . ." *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71 (N.M. 1999) (citations omitted); *see also Rist v. Design Ctr. at Floor Concepts*, 314 P.3d 681, 686 (N.M. 2013) ("Our Supreme Court has stated that failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. . . . Typically, subject matter jurisdiction cannot be waived and can be raised at any time.") (internal quotation marks and citations omitted). When construing the NMHRA, New Mexico courts have looked to interpretations of federal employment discrimination law. *See Smith v. FDC Corp.*, 787 P.2d 433, 437 (N.M. 1990) ("The evidentiary methodology adopted [in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)] provides guidance for proving a violation of the [NMHRA].")

As noted above, Defendants argue that Plaintiff did not exhaust her administrative remedies because she "did not check the box for 'Sex.'" (Doc. 7 at 9.) A failure to check a particular box creates a presumption that a claimant is not making a claim on that ground. *See Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998) (noting that plaintiff's failure to mark the box for sex discrimination created a rebuttable presumption that she was not

asserting that claim). That "presumption can be rebutted by the claimant's narrative statement." *Asebedo v. Kan. State Univ.*, 559 F.App'x 668, 672 (10th Cir. 2014). Here, Plaintiff admits that she did not check the proper box, and she admits that her omission creates a rebuttable presumption against her. (Doc. 9 at 7.) She contends, though, that she ultimately exhausted her administrative remedies because her sex discrimination claim "reasonably grow[s]" from the language written in the narrative section of the complaint. (*Id.* at 8.) Plaintiff is convinced that because "[t]he narrative of [her] charge included the words 'sexual harassment and other discrimination,'" she has exhausted her remedies. (*Id.* at 7.) The Court is not convinced. Simply stating the words "sexual harassment" does not create a charge of discrimination based on sex. The court in *Gunnell* dealt with a similar issue. There, the court held that the narrative portion of the complaint did not rebut the presumption. The Court noted:

> the prose [the plaintiff] used to describe her claim did not clearly set forth a sexual discrimination claim. A reasonable reader would understand that her mention of sex discrimination was merely a prelude, an explanation leading up to the gist of her complaint of retaliation.

*Id.* (citation omitted).

The same is true here: the facts in Plaintiff's narrative do not clearly assert a sexual discrimination claim. *See id.* Reading the full sentence in the "Statement of Harm" section shows that Plaintiff was only referencing previously filed complaints; nothing indicates that Plaintiff was complaining about sexual harassment or sexual discrimination. (*See* Doc. 1-2 at 8 (stating that plaintiff "previously filed complaints regarding sexual harassment and other discrimination at NMSU both internally and with the EEOC")). Also, Plaintiff's "Statement of Discrimination"

never mentions that she was discriminated against because of her sex.[8] In fact, the totality of the second and third paragraphs of Plaintiff's charge deal exclusively with caring for family members with disabilities, not sex-based discrimination. Therefore, the Court determines Plaintiff's narrative section does not adequately show she intended to bring a sexual harassment claim. Count II of Plaintiff's Amended Complaint is dismissed.

**THEREFORE,**

**IT IS ORDERED** that the Court **DENIES** Plaintiff's Motion for Remand (Doc. 4);

**IT IS ORDERED** that the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings on Count II (Doc. 7) and **DISMISSES WITH PREJUDICE** Count II;

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Extend the Deadline to Respond to Defendants' Motion is **DENIED** without prejudice. Plaintiff has **ten days** from entry of this order to correct her declaration or file a substantive response to the motion.

_____
**ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE**

---

[8] Plaintiffs "Statement of Discrimination" states:

> I believe I have been discriminated against because of my association with someone who has a disability in violation of the Americans with Disabilities Act of 1990 and the New Mexico Human Rights act, both as amended, and retaliated against for participating in a protected activity in violation of Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act. both as amended.

(Doc. 1-2 at 8.)