# AFFIDAVIT OF BRETT DUKE

STATE OF TEXAS §
§
COUNTY OF EL PASO §

Before Me, the undersigned authority on this day personally appeared, Brett Duke, who swore on oath the following facts are true and correct:

"My name is Brett Duke. I am over 18 years of age. I am competent and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am an attorney licensed to practice in the State of Texas, the State of New Mexico, the United States Court Western District of Texas, the United States Court District of New Mexico, the United States Court of Appeals for the Tenth Circuit, and the United States Supreme Court. I first became licensed in 1999.

1. I am one of Plaintiff Sally Rel's attorneys in this case, *Rel v. Board of Regents of New Mexico State University, et al.*, first filed in the Third Judicial District Court of New Mexico and then removed to the United States District Court for the District of New Mexico.

2. This case in this Court began on March 19, 2020, by Defendants removal (Doc. 1). Seven days after this case began in this Court Defendants filed Defendants' Motion for Judgment on the Pleadings and/or for Summary Judgment on All Claims Made in Plaintiff's Amended Complaint and Memorandum in Support Thereof ("Defendants' Motion") on March 26, 2020. (Doc. 7)

3. In response to Defendants' Motion, Plaintiff filed Subject to Plaintiff's Opposed Motion to Remand, Plaintiff's Opposed Motion to Extend the Deadline to Respond to Defendants' Motion and also Deny Defendants' Motion or Defer Considering Defendants' Motion Until After Allowing Plaintiff Time to Take Discovery ("Plaintiff's Motion"). (Doc. 9).

4. The Court denied Plaintiff's motion to remand and granted Defendants' motion for judgment on the pleadings on County II. The Court also denied Plaintiff's Motion without prejudice and allowed her 10 days to respond appropriately. (Doc. 18). The Court determined

Ex. H

that Plaintiff's Motion did not comport with Rule 56(d) because her declaration did not detail necessary facts. (Doc. 18, p. 11).

5. On behalf of Plaintiff, as her counsel I supplement Plaintiff's Motion with this affidavit, to detail under oath the facts necessary to comply with Rule 56(d).

6. Good cause exists to deny Defendants' Motion. Good cause exists to extend Plaintiff's deadline to respond to Defendants' Motion.

7. Plaintiff has not had any opportunity to conduct discovery in this Court. Defendants' Motion was filed before the discovery period opened in this Court. No discovery occurred in this case in this Court. Plaintiff was not dilatory in seeking discovery in this case in this Court because there was never a discovery period in this Court allowing her to conduct discovery. The Rule 26(f) meet-and-confer conference did not occur. The parties did not complete a Joint Status Report. A scheduling conference was not ordered. The Court did not enter a notice of trial setting and a scheduling order setting all pre-trial case management deadlines. Plaintiff was prohibited from conducting any discovery in this Court by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. See Fed. R. Civ. P. 26(d); D.N.M.LR-Civ. 26.4(a). Accordingly, Plaintiff was not dilatory.

8. Before Defendants removed this case to this Court, as detailed below, Plaintiff was not dilatory in seeking discovery in state court. Defendants prevented Plaintiff from completing discovery in state court, specifically from taking necessary depositions, and Defendants agreed that Plaintiff's response to Defendants' motion for summary judgment in state court would not be due until 15 days after the close of discovery.

3. On January 7, 2019, Plaintiff filed her lawsuit in state court. (Doc. 1-2).

9. The State Court scheduled jury trial for the five-week trailing docket of January 6, 2020. (Doc. 1-2, p. 29)

10. On September 9, 2019, Plaintiff served written discovery on Defendants. (Doc. 1-3)

11. On September 9, 2019, Plaintiff requested Defendants' depositions. (Doc. 9-1)

12. On September 24, 2019, Plaintiff served notices of deposition scheduled for October 24, 2019. (Doc. 1-3, pp. 7-14)

13. Defendants requested a continuance because their lawyer has "been in and out of the office the last few weeks dealing with a family emergency, so I apologize for the delay" and indicated that she is not available. Plaintiff granted Defendants additional time to answer the discovery and to reschedule the depositions. On October 21, 2019, Plaintiff requested Defendants' depositions again. (Doc. 9-2).

14. On November 6, 2019, Defendants filed the first version of Defendants' Motion in State Court. (Doc. No. 1-3, p. 25 through Doc. 1-12, p. -14)

15. On November 9, 2019, Plaintiff again asked Defendants about scheduling depositions. Defense counsel responded that "I think we all agree we need more time for discovery" and asked to continue the case on behalf of Defendants. Plaintiff indicated that she would not oppose Defendants' requested motion for continuance "so long as we can also agree that Plaintiff's response to the motion for judgment on the pleadings / motion for summary judgment [original of Defendants' Motion] will not be due until after the new discovery deadline." Defendants agreed. (Doc. 9-2).

16. On November 22, 2019, Defendants filed an unopposed motion to continue because according to Defendants the "parties need additional time to conduct discovery, including

depositions." Defendants also indicated that Plaintiff's response to Defendants' Motion "will not be due until 15 days after the close of discovery...." (Doc. 1-3, pp. 1-2)

17. The State Court granted Defendants' motion to continue and ordered that the deadline for plaintiff to respond to Defendants' Motion shall extend 15 days after the close of discovery. (Doc. 1-3, pp. 3-4)

18. The State court rescheduled the jury trial to the June 8, 2020 five-week trailing docket. (Doc. 1-3, p. 5)

19. On February 27, 2020, again Plaintiff sought dates of availability for depositions from Defendants of Defendants. (Doc. 9-3)

20. On March 5, 2020, again Plaintiff inquired about scheduling depositions. (Doc. 9-4).

21. Since nearly the inception of this case, Plaintiff sought depositions from Defendants that have not occurred despite Plaintiff's efforts. No depositions have occurred. After Defendants filed their original of Defendants' Motion in State Court, Defendants filed a motion for continuance in State Court because of the need for "additional time to conduct discovery, including depositions." (Doc. 1-3, pp. 1-2). No depositions occurred after Defendants' judicial admissions and representations. In this Court, no discovery has occurred.

22. Plaintiff agrees with Defendants' judicial admissions and representations that additional discovery, including depositions, was necessary.

23. On March 19, 2020, Defendants removed Plaintiff's case to this Court and indicated that it would be expanding the original of Defendants' Motion. On March 24, 2020, Plaintiff indicated that she would file a motion to remand and asked Defendants if Defendants would oppose a motion to extend the deadline to respond to any motion for summary judgment. Defendants opposed Plaintiff's requested extension. (Doc. 9-5)

24. Before Defendants "expanded" (Doc. 9-5, p. 2) the original of Defendants' Motion, Defendants previously agreed to extend the deadline for Plaintiff's response until 15 days after the close of the discovery deadline. (Doc. 9-2); (Doc. 1-3, pp. 1-2); (Doc. 1-3, pp. 3-4).

25. Plaintiff has not been dilatory in seeking the discovery in this Court or state court. Plaintiff has not had a full opportunity, much less any opportunity in this Court, to conduct discovery. Summary judgment should not be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson,* ,477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1521-22 (10th Cir. 1992). According to the United States Supreme Court "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

26. Because Plaintiff has not had the opportunity to depose Defendants and Defendants' representatives, Plaintiff asked the Court to deny Defendants' Motion or alternatively extend the deadline for her to respond to Defendants' Motion. If the Court does not deny Defendants' Motion, Plaintiff asked the Court to hold Defendants to their prior agreement and stipulation with Plaintiff that Plaintiff's response to Defendants' Motion "will not be due until 15 days after the close of discovery…." ((Doc. 9-2); (Doc. 1-3, pp. 1-2); (Doc. 1-3, pp. 3-4) especially after Defendants judicially admitting and representing to the State Court that additional time is necessary, and that Defendants have thwarted Plaintiff from conducting depositions by their representations to Plaintiff. Plaintiff diligently sought Defendants' depositions. Plaintiff could not simply unilaterally schedule Defendants' depositions and not be in violation of rules of procedure or her

counsel in violations of rules of professional conduct or even professionalism. Even if Plaintiff did, Defendants could have simply filed a motion for protective order and non-appearance.

27. On behalf of Plaintiff, Plaintiff shows that facts are not available to her and she cannot present facts essential to justify her opposition to Defendants' Motion. Plaintiff needs to conduct the sought depositions to acquire evidence to demonstrate that Defendants are not entitled to judgment as a matter of law and that there are genuine disputes of material fact.

28. Plaintiff alleges that Defendants retaliated against her by subjecting her to a hostile work environment and discharging her from employment in violation of the New Mexico Human Rights Act ("NMHRA"), New Mexico Whistleblower Protection Act ("NMWPA"), and the Family and Medical Leave Act ("FMLA"). Defendants allege that Plaintiff was not subjected to a hostile work environment and that Plaintiff was discharged because of her performance. Thus, a genuine dispute of material fact exists.

29. Plaintiff's retaliation cause of action is very similar under the NMHRA, NMWPA, and FMLA so her response to Defendants' Motion will be very similar in relying upon the *McDonnell Douglas* burden-shifting shifting methodology.

30. Usually, in the context of a retaliation claim, the employer refrains from expressly stating that an impermissible criterion influenced its decision to expose the plaintiff to an adverse employment action and such evidence is rarely available. As a result, a plaintiff may demonstrate retaliation through the use of circumstantial evidence and the *McDonnell Douglas* burden-shifting framework. "When considering a violation of the NMHRA, we have previously considered helpful federal burden-shifting methodology under Title VII of the Civil Rights Act of 1964. *See Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (1990). For a claim of unlawful discrimination, this Court has used the methodology from *McDonnell Douglas Corp. v. Green*,

411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Gonzales v. N.M. Dep't of Health*, 2000 NMSC 29, PP20-22, 129 N.M. 586, 593-94, 11 P.3d 550, 557-58. Under the *McDonnell Douglas* framework, an employee bears the initial burden of demonstrating a prima facie case of discrimination, which then shifts the burden to the employer to provide a legitimate, non-discriminatory reason for the adverse employment action. *Gonzales,* 2000 NMSC 29, P21, 129 N.M. 586, 11 P.3d 550; *see also McDonnell Douglas* 411 U.S. at 802-05 (same). The employee then has the opportunity to rebut the employer's proffered reason as pretextual or otherwise inadequate. *Gonzales*, 2000 NMSC 29, P21, 129 N.M. 586, 11 P.3d 550." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶8, 139 N.M. 12. The purpose of the *McDonnell Douglas* test is to allow discriminated-against plaintiffs, in the absence of direct proof of discrimination, to demonstrate an employer's discriminatory motives. The burden shifting framework is a tool to focus the issues and to reach the ultimate issue of whether the employer's actions were motivated by impermissible discrimination. *Smith v. FDC Corp.*, 1990-NMSC-020, ¶¶ 9-11.

31. This burden shifting methodology is similar under the NMHRA (See *Juneau* ¶ 11), the NMWPA (See *Ellis v. Hobbs Police Dep't*, No. 2:17-cv-01011 KWR/GBW, at *11 (D.N.M. June 11, 2020), and the FMLA (*See Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306-1307 (10th Cir. 2017).

32. Facts of pretext are essential to oppose Defendants' Motion. As indicated in Plaintiff's Motion and specified in her reply (Doc. No. 16) Plaintiff listed the probable facts of pretext that are not available to Plaintiff that are necessary to respond to Defendants' Motion that could only be acquired by deposing Defendants and Defendant's representatives. These probable facts are facts evidencing the factor of pretext, the third step in the burden shifting methodology, to defeat Defendants' Motion.

33. Analysis of the third factor of pretext demonstrates how the probable facts are essential to Plaintiff and how Plaintiff does not have these essential facts readily available to her. In *Dewitt v. Sw. Bell Tel. Co.*, the Tenth Circuit Court of Appeals discussed pretext:

> "Under the final step, "[t]o support an inference of pretext, ... a plaintiff.... must come forward with evidence that the employer didn't really believe its proffered reasons for action and thus may have been pursuing a hidden discriminatory agenda." *Johnson*, 594 F.3d at 1211. When reviewing a plaintiff's "contention of pretext, we examine the facts 'as they appear to the person making the decision to terminate [the] plaintiff.' " *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1261 (10th Cir. 2001) (alteration in original) (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000))....
>
> Pretext can be shown by 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.' " *Morgan v. Hilti , Inc.* , 108 F.3d 1319, 1323 (10th Cir. 1997) (quoting *Olson v. Gen. Elec. Astrospace* , 101 F.3d 947, 951–52 (3d Cir. 1996) ). "[M]ere conjecture that [the] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." Id. (alterations in original) (quoting *Branson v. Price River Coal Co.* , 853 F.2d 768, 772 (10th Cir. 1988) ).
>
> Evidence of pretext "may take a variety of forms." *Kendrick* , 220 F.3d at 1230 (quoting *Patterson v. McLean Credit Union* , 491 U.S. 164, 187–88, 109 S.Ct.

2363, 105 L.Ed.2d 132 (1989) ). Typically, a plaintiff may show pretext in one of three ways:

> (1) with evidence that the defendant's stated reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that.... [the plaintiff] was treated differently from other similarly-situated employees who violated work rules of comparable seriousness." *DeWitt* at 1307.

34. "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods. Co.*, 530 U.S. 133, 148 (2000). Pretext exists when an employer does not honestly represent its reasons. *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005) (pretext is defined as (1) "An ostensible or professed purpose; an excuse" and (2) "An effort or strategy intended to conceal something"). Pretext may be shown directly, by showing that a discriminatory reason more likely motivated the employer; or indirectly, by showing that the employer's proffered reason is unworthy of credence. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Pretext may be shown by evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reasons for its action that a reasonable fact finder could find them unworthy of credence. *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). A plaintiff might "cast[] substantial doubt on many of the employer's multiple reasons," giving reason to doubt them all. Id. (internal quotation marks omitted). We also recognize that "one of the stated reasons for termination [may] predominate[] over the others," so a showing that the dominant reason was

pretextual may be sufficient. Id. at 1127. Another alternative is showing that "the pretextual character of one explanation is so fishy and suspicious that a jury could find that the employer (or its decisionmaker) lacks all [**12] credibility." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1310 (10th Cir. 2005) (per curiam) (citation and internal quotation marks omitted). Or a plaintiff may be able to establish pretext by "discredit[ing] each of the employer's objective explanations, leaving only subjective reasons to justify its decision." Id. (emphasis added).

35. Pursuant to Rule 56(d) Plaintiff asked the Court to deny or defer consideration of Defendants' Motion until after Plaintiff is given an opportunity to conduct discovery in this Court in this case to allow her to depose Defendants and Defendants' representatives to acquire evidence of facts of pretext that could only come from Defendants and Defendants' representatives. In paragraph 41, Plaintiff's Motion listed the probable facts not available to Plaintiff that are necessary that could only be acquired by deposing Defendants and Defendant's representatives, facts that are not available to her essential to justify her opposition to Defendants' motion. In paragraphs 19, 20, and 21, of Plaintiff's Reply, she clearly established that the sought facts were not as Defendants argues as a "fishing expedition" but rather the necessary facts to establish pretext to defeat Defendants' motion through the *McDonnell Douglas* burden shifting methodology.

36. Plaintiff cannot present these probable facts not available to her that are essential to justify her opposition to Defendants' motion, especially as to the factor of pretext, because such evidence is not in her possession, but Defendants' only, including Defendants' testimony that:

a. the "employer didn't really believe its proffered reasons for action and thus may have been pursuing a hidden discriminatory agenda.";

b. the facts 'as they appear to the person making the decision to terminate [the] plaintiff;

c. "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'";

d. defendant's stated reason for the adverse employment action was false;

e. defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances;

f. [the plaintiff] was treated differently from other similarly-situated employees who violated work rules of comparable seriousness.";

g. Plaintiff was subjected to a hostile work environment and discharged under circumstances giving rise to an inference of discrimination and retaliation against her;

h. Similarly situated employees of Defendants were treated differently than Plaintiff by Defendants;

i. Defendants replaced Plaintiff with someone outside of Plaintiff's protected class;

j. Defendants' knowledge that Plaintiff engaged in protected activity;

k. Defendants' subjected Plaintiff to heightened scrutiny, negative criticism, differential treatment;

l. Defendants' violations of standard internal protocol and procedures;

m whether or not Defendants had a legitimate, nondiscriminatory and nonretaliatory reason to subject Plaintiff to a hostile work environment and then discharge her;

n. Defendants' justification to subject Plaintiff to a hostile work environment and discharge Plaintiff is false, unworthy of credence, and Defendants did not honestly represent their

reasons as such were Defendants' strategy to conceal the discrimination and retaliation against Plaintiff;

o. Defendants' discrimination and retaliation against Plaintiff more likely motived Defendants;

p. Defendants' justifications are weak, implausible, inconsistent, incoherent, contradictory, and/or doubtful;

q. Defendants' explanations of subjecting Plaintiff to a hostile work environment and discharge are fishy and suspicious; and/or

r. Defendants' explanations are only subjective reasons.

37. These facts are essential for Plaintiff to justify her opposition to Defendants' Motion. These facts are not available to Plaintiff. Moreover, Plaintiff cannot present these facts without conducting the sought depositions of Defendants. Defendants' knowledge and testimony is strictly within the "possession" of Defendants. Plaintiff has no other means to acquire Defendants' knowledge and testimony other than to depose Defendants. In this Court Plaintiff did not have any time to acquire this information through discovery because the discovery period did not open, and Plaintiff was barred by the Rules from conducting the depositions before the discovery period opened. Additional time to allow Plaintiff to conduct discovery in this Court will enable Plaintiff to rebut Defendants' allegations of no genuine issue of fact. Additional time would prevent the unfairness of Defendants' asking the Court for a summary judgment but without Defendants' allowing Plaintiff time to acquire the facts necessary to defeat the summary judgment in this Court as Defendants preventing Plaintiff from acquiring such facts in state court.

38. Plaintiff has not had the opportunity to discover information that essential to her opposition to Defendants' Motion. Plaintiff has not had an opportunity to conduct discovery because the

discovery period in this case in this Court never even opened, Plaintiff was prohibited by the Rules of Civil Procedure from conducting such discovery, and Plaintiff even sought depositions in state court.

39. Application and adherence to Defendants' promise relied upon Plaintiff that she need not file a response to Defendants' motion in state court until 15 days after the close of discovery is the desired time that would allow Plaintiff to meet her burden in opposing summary judgment. Allowing Plaintiff time to take discovery would allow Plaintiff to meet her burden in opposing summary judgment. Allowing Plaintiff time to depose Defendants and their representatives would allow Plaintiff to meet her burden in opposing summary judgment.

40. Rule 56(d) is not being invoked based solely upon the assertion that discovery is incomplete. There has been no discovery period available to Plaintiff in this case in this Court.

41. Rule 56(d) is not being invoked based solely upon the assertion that specific facts necessary to oppose summary judgment are unavailable. Specific facts of evidence to show pretext are available by deposition of Defendants and Defendants' representatives because their testimony reflecting their motivations, beliefs, perspectives, knowledge, violations of their practices and procedures, honesty, justifications, and explanations is evidence that can be ascertained by their testimony, such evidence that is exclusively in Defendants' control and not Plaintiff's. Further evidence, also in Defendants' exclusive possession, includes evidence of how others were treated, especially in comparison with Plaintiff. These are the probable facts that are presently unavailable to Plaintiff, that cannot be presented without additional time because Plaintiff has not had an opportunity to acquire these facts, because there has not been a discovery period in this case in this Court. Above, Plaintiff identified her past steps to obtain evidence of these facts while the case was pending in state court. Additional time would allow for this Court to open discovery, allow

Plaintiff to conduct discovery, allow Plaintiff to acquire these facts that are exclusively within the possession of the Defendants and Defendants' representatives that would allow for rebuttal of Defendants' Motion. See *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).

42. Plaintiff cannot present by affidavit these facts essential to justify her opposition because such can only be acquired through depositions of Defendants and Defendants' representatives as these facts can only come from Defendants and Defendants' representatives.

43. Exhibit A to Plaintiff's Motion (Doc. 9-1) is a true and correct copy of an email from plaintiff's counsel to defense counsel.

44. Exhibit B to Plaintiff's Motion (Doc. 9-2) is a true and correct copy of emails from defense counsel and from plaintiff's counsel.

45. Exhibit C to Plaintiff's Motion (Doc. 9-3) is a true and correct copy of an email from plaintiff's counsel to defense counsel.

46. Exhibit D to Plaintiff's Motion (Doc. 9-4) is a true and correct copy of an email from plaintiff's counsel to defense counsel.

47. Exhibit E to Plaintiff's Motion (Doc. 9-5) is a true and correct copy of emails from defense counsel and from plaintiff's counsel.

48. Exhibit F to Plaintiff's Motion (Doc. 9-6) is a true and correct copy of the public health order from state of New Mexico dated March 23, 2020, about COVID-19.

Brett Duke

SWORN TO AND SUBSCRIBED before me by Brett Duke on January 7, 2021.




Notary Public in and for the State of Texas