IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALLY REL,

        Plaintiff,

v.                                            No. CIV 2:20-cv-00251-RB-GBW

BOARD OF REGENTS OF NEW MEXICO STATE
UNIVERSITY, and TERESA BURGIN,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Supplement to Plaintiff's Opposed Motion to Extend the Deadline to Respond to Defendants' Motion and also Deny Defendants' Motion or Defer Considering Defendants' Motion Until After Allowing Plaintiff Time to Take Discovery (Supplement), filed on January 9, 2021. (Doc. 19.) Having considered the submissions of counsel and relevant law, the Court determines that Plaintiff's affidavit fails to substantiate her allegations with any details. Normally, this lack of specificity would lead the Court to deny Plaintiff's Motion to Extend, but considering the unusual circumstances of this case, the Court will allow Plaintiff **ten days** from entry of this order to file an affidavit that is in accordance with Rule 56(d).

    **I. Procedural Background**

Plaintiff, a former employee of New Mexico State University (the University), brings this case to recover damages she allegedly suffered due to retaliation at the hands of Defendants. (*See* Doc. 1-1.) In her Amended Complaint, Plaintiff alleges four claims against both Defendants: in Count I, Plaintiff alleges that Defendants retaliated against her in violation of the New Mexico Human Rights Act (NMHRA); in Count II, she alleges that Defendants discriminated against her

1

on the basis of sex in violation of the NMHRA; in Count III, Plaintiff asserts that the above conduct violated the New Mexico Whistleblower Protection Act (WPA); and in Count IV, she asserts that Defendants violated the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–54, by discharging her. (Doc. 1-1 ¶¶ 20–27.)

On January 7, 2019, Plaintiff commenced the present action against Defendants in the Third Judicial District Court for the County of Doña Ana. (Doc. 1-1.) On March 19, 2020, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). (Doc. 1 at 1.) Defendants contended that this Court had original jurisdiction because Plaintiff's Amended Complaint brought claims under the FMLA. (*Id.*) Plaintiff then moved to remand, stating that Defendants' removal was untimely because her Original Complaint "clearly and unequivocally raised a federal question by alleging that Defendant retaliated against Plaintiff for exercise of her FMLA rights." (Doc. 4 at 1.) The Court agreed with Defendants and denied Plaintiff's motion to remand. (Doc. 18 at 9.)

On March 26, 2020, Defendants moved for Judgment on the Pleadings regarding claim II. (Doc. 7.) Defendants contended that "plaintiff did not exhaust her administrative remedies for her claim of 'Discrimination Because of Sex' under the HRA . . . ." (*Id*. at 9.) The Court agreed and granted Defendants' Motion. (Doc. 18 at 14.) In that same filing, Defendants moved for Summary Judgment regarding Plaintiff's remaining claims (Doc. 7), but Plaintiff requested an extension of time to respond to Defendants' motion pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 9.) The Court determined that Plaintiff's request was invalid because she failed to detail facts necessary to comply with Rule 56(d); the Court denied Plaintiff's request without prejudice and allowed her ten days to correct her declaration or file a substantive response to Defendants' motion. (Doc. 18 at 11.) Plaintiff chose the former and attempted to comply with

2

Rule 56(d) by filing her Supplement (Doc. 19), which contained an affidavit by her attorney, Brett Duke. Defendants responded in opposition to the Supplement by arguing that Plaintiff, among other things, had not identified probable facts on which discovery could be conducted. This is where the litigation presently stands.

## II. Statement of Facts

Plaintiff was hired by the University on August 4, 2008. (Doc. 1-2 ¶ 6.) In July 2017, Plaintiff filed complaints of sexual harassment and discrimination with the Equal Employment Opportunity Commission (EEOC) and internally with the University. (*Id.* ¶ 9.) Later, Plaintiff requested leave to take care of her father. (*Id.* ¶ 11.) The University authorized and approved Plaintiff's leave under the FMLA. Plaintiff alleges that the University then retaliated against her for taking FMLA leave by creating a hostile work environment; the retaliation included a negative performance evaluation. (*Id.* ¶ 13.) In April 2018, Plaintiff reported the retaliation and testified before the University as part of an investigation into the complaint. (*Id.* ¶ 15.) Plaintiff complained about the above-mentioned practices again in May 2018. She was subsequently placed on administrative leave (*id.* ¶ 16), and on June 25, 2018, the University discharged her (*id.* ¶ 19).

## III. Legal Standard

Rule 56(d) provides that a court may take one of three actions when a nonmovant shows "that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. 56(d). "[T]he court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." (*Id.*) "A party seeking to defer a ruling on summary judgment under Rule 56([d]) must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes

identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). The Rule 56(d) affidavit must "state with specificity how the additional material will rebut the summary judgment motion." *Ben Ezra, Weinstein & Co. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (citing *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993)). "[A] plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover." *Contemp. Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981) (citation omitted). Ultimately, a Rule 56(d) affidavit must identify: "(1) 'the probable facts not available,' (2) why those facts cannot be presented currently [without discovery], (3) 'what steps have been taken to obtain these facts,' and (4) 'how additional time will enable [the party] to' obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)) (subsequent citation omitted); *see also Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) ("Rule 56([d]) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable").

"The general principle of Rule 56([d]) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Aderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). "Unless dilatory or lacking in

merit," a party's 56(d) request "should be liberally treated." *Jensen*, 998 F.2d at 1553–54 (quoting *Campbell*, 962 F.2d at 1522). "Rule 56(d), however, is not a license for a 'fishing expedition,' and the party invoking Rule 56(d) must explain by affidavit why the party cannot present facts precluding summary judgment . . . ." *JL v. N. M. Dep't of Health*, 131 F. Supp. 3d 1248, 1251 (D.N.M. 2015) (internal quotation and subsequent citation omitted). If "the party filing the Rule 56([d]) affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984).

### IV. Plaintiff has ten days to file an appropriate affidavit.

"Plaintiff alleges that Defendants retaliated against her by subjecting her to a hostile work environment and discharging her from employment in violation of the [NMHRA], the WPA], and the [FMLA]." (Doc. 19-1 at 6.) Defendants have moved for summary judgment on all three claims. (Doc. 7.) Plaintiff argues "that facts are not available to her and she cannot present facts essential to justify her opposition to Defendants' Motion." (Doc. 19-1 at 6.) Because of this, Plaintiff concludes that she "needs to conduct . . . depositions to acquire evidence to demonstrate . . . that there are genuine disputes of material fact." (*Id.*) Plaintiff included the affidavit of attorney Brett Duke, which outlined the discovery that Plaintiff sought from Defendants. Plaintiff seeks to discover the following "facts:"[1]

    a. Plaintiff was subjected to a hostile work environment;
    b. Her discharge gave rise to an inference of discrimination and retaliation;
    c. Similarly situated employees were treated differently than Plaintiff;
    d. Plaintiff's replacement was outside of her protected class;
    e. Defendants knew Plaintiff engaged in protected activity;
    f. Defendants subjected Plaintiff to heightened scrutiny, negative criticism, and differential treatment;
    g. Defendants' violations of internal protocol and procedures;

---

[1] This is not an exhaustive list, but only a list of the most pertinent "facts" sought.

      h. Whether Defendants had legitimate, nondiscriminatory, and nonretaliatory reasons for their actions.

(*See* Doc. 9.) Plaintiff further states that she needs Defendants' testimony stating:

      a. Whether the employer had a "hidden discriminatory agenda";
      b. How the facts appear to the employer;
      c. Weaknesses or inconsistencies in the employer's reasons for its action that a reasonable factfinder could rationally find unworthy;
      d. The falsity of the employer's stated reason for termination;
      e. Whether the employer acted contrary to a written company policy, internal protocols, and procedures;
      f. Whether Plaintiff was treated differently from other similarly situated employees who violated work rules;
      g. Whether Defendants' explanations for termination are subjective.

(*See* Doc. 19-1 at 10–12.)

Plaintiff has missed the Rule 56(d) mark. As noted above, a Rule 56(d) affidavit must first identify the "probable facts not available." *Valley Forge Ins. Co.*, 616 F.3d at 1096. Here, "Plaintiff describes the subject matter areas into which she would like to inquire, but fails to identify with specificity what discovery she seeks." *See Inskeep v. City of Farmington*, No. CV 14-262 WJ/CG, 2014 WL 12789006, at *2 (D.N.M. Aug. 11, 2014). "Although the affidavit lists multiple topics on which [Plaintiff] would propound written discovery and would take depositions, she does not identify any 'probable facts not available.'" *Adams v. C3 Pipeline Constr. Inc.*, No. CV 18-925 KG/GBW, 2019 WL 2232224, at *12 (D.N.M. May 23, 2019). Plaintiff has not listed any facts on which discovery will be conducted, but only seeks discovery of the elemental requirements under the *McDonell-Douglas* framework. Mainly, she seeks to "depose Defendants and Defendants' representatives to acquire evidence of facts of pretext that could only come from [them]." (Doc. 19-1 at 10.) The Court determines that the proposed deposition topics and discovery sought are too far-reaching in response to a relatively narrow issue, that is, whether Defendants' reasons for terminating Plaintiff were pretextual.

Under ordinary circumstances the Court would deny Plaintiff's Motion to Extend the Deadline to Respond to Defendants' Motion but because of the unique posture of this case, where the parties agreed that Plaintiff did not have to respond to Defendants' motion until 15 days after the close of discovery (Doc. 9-2 at 2), the Court does not find it equitable to outright deny the motion. Instead the Court will give Plaintiff's attorney one last opportunity to file an affidavit that conforms with Rule 56(d) and provides explanations of the specific discovery needed, not "facts" that only set forth a series of legal conclusions and overbroad topics. The Court wants to make it abundantly clear, if Plaintiff's third submission does not comply with Rule 56(d), there will be no more courtesies extended to her. Plaintiff has ten days to file an appropriate affidavit.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff has **ten days** from entry of this order to file an affidavit that is in accordance with Rule 56(d).

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**