# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SALLY REL,

    Plaintiff,

v.                                                                        No. CIV 2:20-cv-00251

BOARD OF REGENTS OF NEW MEXICO STATE
UNIVERSITY, and TERESA BURGIN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Three factors ultimately swayed the Court to grant Ms. Rel's Rule 56(d) motion: the unique posture of the case, the greater detail of the third affidavit, and the fact that Ms. Rel has not been given an opportunity to pursue certain discovery in this forum. Because of these issues, the Court will grant the motion.

    **I.**    **The Supplemental Affidavit of Brett Duke sufficiently alleged that evidence is not available to Ms. Rel.**

The Supplemental Affidavit of Brett Duke ("the Affidavit"), goes into much greater detail than his previous iterations. (*Compare* Doc. 23-1, *with* Doc. 9.) In it Mr. Duke details: (1) "probable facts not available" to Ms. Rel (*see* Doc. 23-1 at 4–5; 6; 7; 9–10); (2) "why those facts cannot be presented currently [without discovery]" (*see id.* at 11) (stating that Ms. Rel cannot present sufficient evidence to prove her claims because the needed facts "relate to Defendants' decisions, motivations, policies, and practices, and therefore are exclusively within the knowledge and possession of Defendants themselves"); (3) "what steps have been taken to obtain these facts" (*see id.*) (stating that Ms. Rel conferred with Defendants' counsel multiple times to obtain depositions to no avail); and (4) "how additional time will enable [Ms. Rel] to obtain those facts

1

and rebut the motion for summary judgment" (*see id*. at 3; 5; 6; 7; 8; 9; 10.) *See Valley Forge Ins. Co. v. Health Care Mgt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)) (internal quotation marks and subsequent citation omitted). Though Defendants state, in a conclusory fashion, that "[t]hese are not the kinds of specific, focused facts for which Rule 56(d) relief is available" (Doc. 24 at 6–7), the Court concludes that the affidavit sufficiently addresses earlier concerns. Therefore, the Court determines that the Affidavit satisfies the four threshold requirements for granting relief pursuant to Rule 56(d).

## II. Ms. Rel was not dilatory.

Having concluded that the Affidavit satisfies the requirements for granting relief pursuant to Rule 56(d), the Court must now determine whether Ms. Rel was dilatory in obtaining the necessary facts. Even if the Affidavit satisfies the Rule 56(d) requirements, the Tenth Circuit has held that "if the party filing the Rule 56([d]) affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984); *see also Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993) ("Unless dilatory or lacking in merit," a party's 56(d) request "should be liberally treated.") (quoting *Comm. for the First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). The Court holds that Ms. Rel was not dilatory.

Defendants argue that because Ms. Rel failed to pursue depositions for two months (December 2019 and January 2020), her actions were dilatory. (Doc. 24 at 9.) The Court is not persuaded. Ms. Rel served notices of depositions on September 24, 2019, scheduling the depositions for October 24, 2019, but the depositions did not occur at the Defendants' request.

(Doc. 9-3 at 1.) Because Ms. Rel extended Defendants the courtesy of pushing back scheduled depositions, the Court finds her actions show a good faith effort to further the litigation process. She was not dilatory. *See Chadwick v. Denver Pub. Sch. Dist.*, No. 09-CV-01616-WYD-KLM, 2011 WL 834186, at *5 (D. Colo. Mar. 4, 2011) (stating that the plaintiff was dilatory by not making any effort to conduct depositions); *Jensen*, 998 F.2d at 1554 (stating that a 56(d) request was denied because "Plaintiffs . . . had an opportunity to make full discovery" but "simply chose not to do so"); *Johnson ex rel. Cano v. Holmes*, 377 F. Supp. 2d 1039, 1044–45 (D.N.M. 2004) (denying a 56(d) request where plaintiff did not explain why, during the discovery period that the court allowed, he did not obtain the discovery sought in his motion). A word of caution to Plaintiff's counsel. The filing of an unsigned, unsworn affidavit in support of a third attempt to get this right, exhausts the Court's patience. Counsel is advised to turn sharp corners going forward.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Amended Motion for Extension (Doc. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court **DENIES** Defendants' Motion for Summary Judgment (Doc. 7) **WITHOUT PREJUDICE** with leave to refile.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**